UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND STUCK,

      Plaintiff,

v.                                   Case No:  2:25-cv-1175-JES-NPM

OWL CREEK BOAT WORKS
AND STORAGE, LLC,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Motion to Remand to State Court (Doc. #14) filed on January 27, 2026 by Plaintiff Raymond Stuck ("Stuck").  Defendant Owl Creek Boat Works and Storage, LLC ("Owl Creek") did not timely file a response.  For the reasons set forth below, Plaintiff's motion is granted.

**I.**

With certain exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a).  "Pertinent here, federal courts have original jurisdiction over . . . civil actions where [there is] diversity." Clyde v. Progressive Am. Ins. Co., No. 2:25-CV-755-KCD-DNF, 2025 WL 2802427, at *1 (M.D. Fla. Oct. 2, 2025). Federal

Courts also have original jurisdiction over admiralty and maritime claims brought pursuant to 28 U.S.C. § 1333.  Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001).  On review of a motion to remand to state court, the party seeking removal has the burden to show that removal is proper, and "uncertainties [about jurisdiction] are resolved in favor of remand," Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

## II.

On November 25, 2025, Plaintiff Raymond Stuck filed a Complaint in Lee County, Florida, for claims related to damages suffered by his vessel "GOT IT!" at Defendant Owl Creek's boat repair shop and storage center.  Owl Creek filed its Notice of Removal (Doc. #1) on December 16, 2025, seeking to remove the action to Federal court on two bases: First, it asserts that complete diversity of citizenship exists between the parties. (Id. at p. 2.)  Second, Owl Creek avers that Stuck's claims constitute maritime contracts and maritime tort claims within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

Cases removed on the basis of diversity jurisdiction must be remanded to State court if there does not exist complete diversity of citizenship between the parties.  Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011).  Here, Owl Creek asserts that Stuck "is an individual who is a citizen of the State of

-2-

Florida[,]" while Owl Creek "is a Florida limited liability company . . ." and "[u]pon information and belief, [Owl Creek's] members include individuals and/or entities who are citizens of States other than Florida." (Doc. #1 at p. 2.) This is insufficient for Owl Creek to meet its burden of showing removal is proper based on diversity for three reasons: First, according to Stuck, he "is not and never has been a citizen of the State of Florida." (Doc. #14 at p. 5.) Second, Owl Creek failed to identify a single member of its LLC and their citizenship, thus defeating diversity jurisdiction. Third, Owl Creek misstates the applicable legal standard for diversity of an LLC. It is insufficient for certain members of an LLC to simply be citizens of a state other than the plaintiff. Instead, complete diversity is destroyed if even one member of the LLC shares citizenship with the plaintiff. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (holding that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens.) Moreover, Owl Creek has failed to allege any facts that show that the amount in controversy in this case is greater than $75.000. Accordingly, the Court finds that Owl Creek has failed to meet its burden of showing jurisdiction is proper based on diversity of citizenship.

Owl Creek next asserts that 28 U.S.C. § 1333 provides an independent basis for jurisdiction over Stuck's claims. A party seeking to invoke admiralty jurisdiction must show both location and connection with maritime activity. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995). The location prong requires either that "the tort occurred on navigable water or [that the] injury suffered on land was caused by a vessel on navigable water." Id. If this requirement is not met, the case falls outside maritime law regardless of the fact that a boat is involved. Id.

Here, Stuck's Complaint alleges that his vessel was damaged while in land-based repair and storage. Because the injuries suffered by Stuck occurred on land, Owl Creek has not met the location requirement for the exercise of admiralty jurisdiction.

Stuck also seeks attorney fees and costs connected with Owl Creek's removal of his Complaint. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal." Id. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

-4-

reasonable basis for seeking removal." Id.  Finding no justifiable basis for the removal, the Court concludes that Stuck is entitled to attorney fees under Local Rule 7.01. Pursuant to Rule 7.01(b), Plaintiff has fourteen days from the date of this Order to file a motion specifying the total amount requested or a reasonable estimate thereof.  See M.D. Fla. Loc. R. 7.01(b).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #14) is **GRANTED.**

2. The Clerk shall terminate all deadlines and motions and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of February 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

-5-