UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND STUCK,

        Plaintiff,

v.                        Case No:  2:25-cv-1175-JES-NPM

OWL CREEK BOAT WORKS
AND STORAGE, LLC,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Reconsideration of Order Remanding Case and Awarding Attorneys' Fees. (Doc. #23.)  Plaintiff filed no response to the motion.  Also before the Court is Plaintiff's Motion for Determination of Amount of Attorneys' Fees and Costs. (Doc. #27.)  Defendant filed a Response. (Doc. #26.)  For the reasons set forth below, Defendant's Motion (Doc. #23) is denied, and Plaintiff's Motion (Doc. #27) is granted.

**I.**

On November 25, 2025, Plaintiff Raymond Stuck ("Stuck") filed a Complaint in Lee County, Florida state court for claims related to damages suffered by his vessel "GOT IT!" at Defendant Owl Creek Boat Works and Storage's ("Owl Creek") boat repair shop and storage

center.   On December 16, 2025, Owl Creek filed its Notice of Removal (Doc. #1) removing the action to Federal court on the basis of diversity jurisdiction and admiralty jurisdiction.

On January 27, 2026, Stuck filed a Motion to Remand (Doc. #14) the case back to state court and award attorney fees and costs related to the removal.  On February 13, 2026, the Court docketed an Order granting Stuck's request for remand and finding that Stuck had shown entitlement to fees.  (Doc. #22.)  On the same date the Clerk of the Court closed the case.

On February 15, 2026, Owl Creek filed the instant Motion for Reconsideration (Doc. #23) of the Order remanding the case.  On February 17, 2026, the Clerk of the Court transmitted a copy of the remand Order to the state court, and on March 5, 2026 remailed the Order to the state court.  (Doc. #28.)

**II.**

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." § 1447(d). "Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration . . . by the district court [of its own remand order]."  Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992) (quoting Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979)). "[E]ven if the district court erroneously remanded the case to

state court, §1447(d) prohibits the district court from reconsidering its remand order because the district court no longer ha[s] jurisdiction over the case." Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 (11th Cir. 2011).

Title 28 U.S.C. § 1447(c) provides that after an order of remand is entered, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c). Owl Creek argues that the Court has jurisdiction to entertain its motion for reconsideration because that motion was filed before a certified copy of the remand Order had been sent to the State court. (Doc. #23 at p. 2.)

"There is a split of authority over whether a federal court is divested of jurisdiction when it enters a remand order or when the clerk mails it." Section 23 Prop. Owner's Ass'n, Inc. v. Robinson, 2021 WL 1428303, at *2 (M.D. Fla. Apr. 15, 2021). Some courts hold that filing or entering the remand order — not the clerical act of mailing — divests the court of jurisdiction. See In re Lowe, 102 F.3d 731, 735 (4th Cir. 1996) (holding that "the plain language of the statute, the policy behind it, and logic all support the conclusion that § 1447 divests a district court of jurisdiction upon the entry of its remand order."). Other circuits have found that mailing the remand order to the state court is the

-3-

demarcation line.  Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355-56 (3d Cir. 2013) (holding that the "District Court had jurisdiction to deny the defendants' motion for reconsideration because, at the time when the District Court considered the motion for reconsideration, a certified copy of the remand order had not yet been mailed from the District Court Clerk to the state court."); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225 (3d Cir. 1995) (noting that "the physical mailing of the certified copy is the key jurisdictional event to divest the district court of jurisdiction, because a remand order is not self-executing."); Shapiro v. Logistec USA, Inc., 412 F.3d 307, 312 (2d Cir. 2005)(same); Arnold v. Garlock, Inc., 278 F.3d 426, 438 (5th Cir. 2001) (same); Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984) (collecting cases).  To date, the Eleventh Circuit has not weighed in.

The undersigned concludes that it is the filing of the Order which divests the court of jurisdiction, not the ministerial act of transmitting the Order to the state court.  Just as the Notice of Removal divests the state court of jurisdiction upon its filing, see Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, 589 U.S. 57, 63 (2020), so too does the filing of the Order of remand divest a federal court of jurisdiction.

### III.

Owl Creek also seeks reconsideration of the portion of the Court's Order finding that Stuck is entitled to fees and costs connected with Owl Creek's removal of his Complaint under 28 U.S.C. § 1447(c).  (Doc. #23 at p. 2.)  Although a district court is divested of jurisdiction to reconsider its Order following remand, the collateral issue of fees and costs is generally understood to remain reviewable.  See Bryant v. Britt, 420 F.3d 161, 165 (2d Cir. 2005) (holding that "a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued");  Wisconsin v. Hotline Indus., 236 F.3d 363, 365 (7th Cir. 2000); Stallworth v. Greater Cleveland Reg'l Trans. Auth., 105 F.3d 252, 255-57 (6th Cir. 1997); Mints v. Educ. Testing Serv., 99 F.3d 1253, 1258-59 (3d Cir. 1996); Moore v. Permanente Med. Group, 981 F.2d 443, 445 (9th Cir. 1992) (collecting cases).

Owl Creek asserts that "[e]ven if remand ultimately stands, the removal was not frivolous or contrary to clearly established law" as required by the fee shifting provision of the remand statute.  See 28 U.S.C. § 1447(c).  As the Supreme Court previously explained, "the standard for awarding fees should turn on the reasonableness of the removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Fees are appropriate "where the removing

party lacked an objectively reasonable basis for seeking removal."
Id.

The "savings to suitors" provision, 28 U.S.C. § 1333(1), preserves a plaintiff's right to file suit in state court. See DeRoy v. Carnival Corp., 963 F.3d 1302, 1314 (11th Cir. 2020). "[A] federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: the maritime nature simply does not provide a ground for federal jurisdiction." Armstrong v. Ala. Power Co., 667 F.2d 1385, 1388 (11th Cir. 1982). See also DeRoy, 963 F.3d at 1314 (noting that pursuant to the savings to suitors clause of 28 U.S.C. § 1333 "if the plaintiff elects to file a maritime case in state court, that case may not be removed to federal court solely on the basis of admiralty jurisdiction."). The Court declines to change its determination as to the award of attorney fees and costs.

**IV.**

Plaintiff seeks $1,600.00 in attorney fees and has not submitted any claim for costs. While objecting to the award, defendant concedes this is a reasonable amount. The Court agrees that this is a reasonable amount.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Reconsideration (Doc. #23) is **DENIED.**

2. Plaintiff's Motion for Determination of Amount of Attorneys' Fees and Costs (Doc. #27) is **GRANTED,** and Defendant shall pay Plaintiff $1,600.00 in attorney fees.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of May 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record